## MYERS v. CAMPBELL, Judge.

1. A judge is not required to settle a bill of exceptions without the aid of a transcript of the official stenographer's notes, where the statement submitted contained 85 pages of typewritten matter, and purported to contain all the evidence received and offered on the trial, and objections and amendments made and proposed thereto were numerous.

2. It is not the duty of the judge to require the stenographer to read his notes to him, since it is the latter's duty only to write out his notes. Laws 1893, Chaps. 67, 87.

(Opinion filed February 23, 1899.)

Application, original in this court, by H. Ray Myers for a writ of mandamus to compel A. W. Campbell, a judge of the circuit court, to settle and sign a bill of exceptions. Denied.

*John Wood*, for petitioner.

*A. W. Wilmarth*, contra.

HANEY, J. This is an original application for writ of mandamus commanding a judge of the circuit court to settle and sign a bill of exceptions in a civil action. The applicant, who is plaintiff in such action, desiring to move for a new trial, and to have all of the evidence preserved in the record, proposed a statement containing 85 pages of typewritten mat-

ter, to which defendant interposed numerous objections and proposed numerous amendments. The reasons assigned for refusing to settle and sign the statement appear in the order of the learned circuit judge, which is made a part of the application, and which is as follows, omitting the title of the civil action: "The above matter coming on to be heard on the 29th day of November, 1898, upon the application of plaintiff to settle a bill of exceptions, upon a proposed bill duly served on October 11, 1898; and plaintiff appearing by John Wood, Esq., his attorney, the defendant appearing by A. W. Wilmarth, Esq., his attorney; and defendant filing written objections to the bill as proposed by plaintiff, claiming and contending that it is untrue and incorrect in all its parts, and that the matters therein recited are not sustained by the evidence taken on the trial of the cause; and it appearing that the said cause was tried in September, 1897, and consumed two or more days; that no transcript of the evidence has been obtained from the official stenographer, of the whole or any part of the evidence taken on said trial, which could be consulted by the court in order to ascertain whether or not said proposed bill, or any part thereof, was sustained by the evidence taken on the trial of said cause; said proposed bill of exceptions having been made by plaintiff's attorney from memory, and from partial and incomplete minutes made by him during said trial; said plaintiff contending, as a reason for not procuring a transcript of the evidence, that he is financially unable to do so; it further appearing that the testimony taken in said cause is of unusual length, and the proposed bill covers 85 pages of typewritten matter,—from all of which it appears that this court cannot truthfully certify to any bill of exceptions without, in connec-

tion with the stenographer, spending several day's time in pre-paring a corrected bill, and getting from such stenographer, either by having him prepare it in longhand, or having him read the entire testimony in the cause, all of which would occupy the time of the court for several days, and the other duties of the court would not permit taking the time necessary for such work. For these reasons this court declines and refuses to settle a bill of exceptions in this cause in the present condition of the application. To all of which counsel for plaintiff at the time duly excepts. Dated November 29, 1898. By the court, A. W. Campbell, Judge."

It may be doubted if the applicant has not mistaken his remedy, if he has any, under the circumstances revealed by his application. It would seem that his case falls within the provisions of Comp. Laws, § 5085. However this may be, we proceed to consider whether it was the duty of the trial judge to settle and sign a statement, purporting to contain all the evidence received and offered on this particular trial, without the aid of a transcript of the reporter's notes. The correctness of the proposed statement was challenged by defendant's proposed amendments and objections. It contained 85 pages of typewritten matter. It was the duty of the trial judge to strike out of the proposed statement all redundant and useless matter, making it conform to the truth, and as brief as possible. *Id.* §§ 5082, 5083. In this instance it was necessary to include all of the evidence. Evidently the duty of the judge could not have been faithfully performed without the use of a transcript or by having the reporter read his notes. It is not the reporter's duty to read his notes for any such purpose. He receives per diem for making shorthand notes, not for reading

or transcribing them.  Laws 1893, Chaps. 67, 87.  Judges are not justified in demanding services which are not within the provisions of the statute, and for which reporters receive no compensation.  This, in itself, answers the contention that the judge should have required the shorthand notes read to him.

But there is another sufficient answer.  If circuit judges cannot require transcripts in one case, they cannot in any, and presently all their time will be occupied in the unusual and unnecessary labor of hearing reporters read their shorthand notes.  Without deciding that a trial judge would be justified in requiring the assistance of a transcript in all cases, we hold that, under the circumstances shown by the application in this proceeding, it was entirely reasonable and proper to refuse to settle a statement containing all the evidence until the party desiring its settlement should procure a transcript of the reporter's notes.  These views do not conflict with the decision of the territorial supreme court in Mining Co. v. Smith, 2 Dak. 377, 11 N. W. 97.  The proposition contended for in that case was that the trial judge could not settle a bill or statement without the aid of a transcript.  This contention was not sustained, but the court did not hold that a trial judge could not, if he so desired, require the assistance of a transcript, if one was obtainable.  It is now the universal practice in this state for the person who desires to have a bill settled to procure a transcript for the use of the court, the expense of which is allowable as a disbursement.  We think, in proper cases, the judge may require a party to conform to this practice.  In North Dakota, where the moving party procured a transcript of such portions of the reporter's notes as were necessary to present the errors relied upon, the supreme court held that

the trial judge was not justified in requiring a transcript of all the evidence before settling the bill. Kaeppler v. Pollock (N. D.) 76 N. W. 987. Upon the facts of that case, it was doubtless right to reverse the action of the trial judge, but we cannot endorse all the views expressed in the opinion. We prefer to regard the matter as one involving a sound legal discretion, subject to correction in this court whenever abuse is shown. None having been shown in this case, the application for a writ of mandamus is denied.